IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL LAWRENCE PACK, | * | Civil Action No. JKB-15-589 |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| UNITED STATES POSTAL SERVICE | * | |
| | * | |
| Defendant. | * | |
| | *** | |

**MEMORANDUM**

On March 2, 2015, self-represented plaintiff Michael Pack submitted this filing against the United States Postal Service (USPS) for breach of contract and gross negligence. (ECF 1). The filing is largely incomprehensible. It includes (1) photocopies of receipts from the U.S. Postal Service in Baltimore, Maryland, dated October 28, 2014, for certified mail sent to President Barack Obama; (2) a request for a hearing on a motion for reconsideration in an unidentified action; (3) indecipherable references to the Bill of Rights; (4) claims of conspiracy against members of the bench of this Court; and (5) references to a 2008 arrest by Maryland Transit Authority Officer Jannette Jones. Pack also indicates he wants an investigation conducted by the Department of Justice.

Pack attached a motion to proceed in forma pauperis with his filing (ECF 1, p. 11), and will be granted leave to proceed as an indigent. The in forma pauperis statute, codified at 28 U.S.C. § 1915(e)(2) requires courts to dismiss the cases of self-represented plaintiffs proceeding in forma pauperis that fail to state a claim on which relief may be granted. 28 U.S.C.

§ 1915(e)(2)(B). For reasons set forth herein, this complaint will be dismissed without prejudice.[1]

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this Court must liberally construe a pro se complaint, a plaintiff must do more than make conclusional statements to state a claim and provide sufficient factual information to put defendants on notice of their wrongdoing. *See Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

The complaints of self-represented litigants are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a self-represented litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555–56 (2007)). Liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990). A self-represented plaintiff must nevertheless allege facts that state a cause of action, and district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (adding that "[d]istrict judges are not mind readers"); *see also Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring)

---

[1] Pack is a frequent filer in this court. *See e.g. Pack v. Officer Anjanette Jones,* Civil Action No. RDB-12-131; *Pack v. Jones*, ELH-11-837, *Pack v. Jones*, WMN-11-1985; *Pack v. Officer Anjanette Jones,* ELH-11-837 *Pack v. Officer Anjanette Jones,* RDB-11-657; *Pack v. Officer Anjanette Jones, et al,* WDQ-11-325*; Pack v. MTA Officer Anjanette Jones,* L-11-18; *Pack v MTA Officer Anjanette Jones*, WMN-11-522.

(district court is not the pro se plaintiff's advocate, sua sponte developing statutory and constitutional claims the plaintiff failed to raise on the face of the complaint).

The unrelated, and rambling, pages filed in this case would place "an unjustifiable burden on Defendant to determine the nature of the claim against [it] and to speculate on what [its] defenses might be," and "imposes a similar burden on the court to sort out the facts now hidden in a mass of charges, arguments, and generalizations and rumors." *See Holsey v. Collins*, 90 F.R.D. 122, 123–24 (D. Md. 1981).  As the filing fails to meet the requirements set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure and fails to state a claim upon which relief can be granted, the case will be summarily dismissed by separate order to follow.


  April 1, 2015                                        _____/s/_____
Date                                                      James K. Bredar
                                                           United States District Judge